## COMMONWEALTH *vs.* CAROLINE SHAW.

Illuminating gas may be the subject of larceny.

Larceny of illuminating gas may be committed by a person on his own land, by secretly opening a gas company's service pipe, which was laid there for the purpose of supplying his house with gas, and connecting the same with another pipe, through which he secretly and fraudulently receives and uses the company's gas, after they have closed their service pipe and removed their meter and given him notice thereof.

INDICTMENT for larceny of several hundred " cubic feet of illuminating gas, each cubic foot being of the value of three mills, of the property, goods and chattels of the Boston Gas Light Company."

At the trial in the superior court, before *Wilkinson*, J., it appeared that the defendant occupied a house in Ashland Street in the city of Boston, and that a service pipe of the Boston Gas Light Company led from their main pipe in that street to within a short distance of a gas meter owned by them and placed under the front steps outside of the wall of the house, but upon the premises occupied by her, and the defendant made the usual connection from the service pipe with the inside supply pipe by short pieces of lead pipe belonging to her, through which the company had supplied her with gas; but, upon non-payment of the gas rates, the company removed the meter and shut off the gas by closing a stopcock in the service pipe, upon the premises occupied by her, and gave her notice thereof; after which she, without the consent or knowledge of the company, and to avoid paying for the gas, made a connection by means of lead pipe

between the service pipe and the pipe inside of the house, and turned the cock in the service pipe, and received and consumed gas belonging to the company. There was no question that the company was legally incorporated.

The defendant requested the court to instruct the jury that no conviction could be had under this evidence; but the judge instructed the jury that, if they were satisfied that the defendant took the gas with a felonious intent, she was guilty of larceny. The jury returned a verdict of guilty, and the defendant alleged exceptions to this ruling, as well as to an order of the judge overruling a motion in arrest of judgment on the ground that the indictment was insufficient in law.

*J. F. Pickering*, for the defendant.

*G. P. Sanger*, (district attorney,) for the Commonwealth.

BIGELOW, C. J. We cannot doubt that the instructions given to the jury in this case were right. There is nothing in the nature of gas used for illuminating purposes which renders it incapable of being feloniously taken and carried away. It is a valuable article of merchandise, bought and sold like other personal property, susceptible of being severed from a mass or larger quantity and of being transported from place to place. In the present case it appears that it was the property of the Boston Gas Light Company; that it was in their possession by being confined in conduits and tubes, which belonged to them, and that the defendant severed a portion of that which was in a pipe of the company by taking it into her house and there consuming it. All this, being proved to have been done by her secretly, and with an intent to deprive the company of their property and to appropriate it to her own use, clearly constituted the crime of larceny.

It was suggested by the counsel for the defendant that, if she was guilty of any offence, it was not larceny, but embezzlement, inasmuch as it appeared that the gas was intrusted to her possession by the company, and that at the time of the alleged felonious taking she was the bailee thereof. But the facts proved entirely negative the existence of any such relation between her and the company. The gas was not in her possession. On the

contrary, the pipe had been severed from the meter by closing a stopcock in the service pipe, which belonged to the company, for the very purpose of preventing her obtaining possession of it. The fact that the end of the pipe was on the premises occupied by her is wholly immaterial. It was not placed there to be in her custody or control, and she had no possession of it or its contents. The facts proved at the trial are similar to those which were shown to exist in the case of *Regina* v. *White*, 6 Cox C. C. 213, in which a conviction of the defendant for the larceny of gas was affirmed by the court of criminal appeal. That case, however, was not so strong against the defendant as the present one, because it there appeared that the owners of the gas had not caused it to be shut off from the premises of the defendant, to prevent him from making use of it.

As it is admitted that the acts charged on the defendant were committed prior to the time when *St.* 1861, *c.* 168, took effect, its provisions can in no way affect the present case.

*Exceptions overruled.*